In the United States District Court
for the Southern District of Ohio
Eastern Division at Columbus

| | |
|---|---|
| Richard Weirich,<br><br>Plaintiff,<br><br>v.<br><br>DCT Ohio, LLC; John Doe 1–10; Doe Corporation 1–10<br><br>Defendants. | Case No.<br><br>Judge<br><br>Magistrate Judge<br><br>Jury Demand Endorsed Hereon |

# Complaint

1. Richard Weirich brings this action against Defendants DCT Ohio, LLC; John Doe 1–10; Doe Corporation 1–10 ("Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief arising from Defendants' unlawful retaliation against Plaintiff for exercising his rights under the Fair Labor Standards Act ("FLSA") and Article II, Section 34a of the Ohio Constitution ("Section 34a").

## Jurisdiction and Venue

2. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

3. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's Ohio law claims.

4. Venue in this Court is proper under 28 U.S.C. § 1391(b) because the parties reside in

this district, and a substantial part of the events giving rise to the claim herein occurred in this district.

## Parties

### Plaintiff

### Richard Weirich

5. Plaintiff Richard Weirich is a resident of Ohio and, at all material times herein, Plaintiff worked within the boundaries of Southern District of Ohio.

6. Plaintiff was an "employee" as defined in the FLSA and Section 34a.

7. Plaintiff has given written consent to join this action.

### Defendants

8. Defendants own and operate several Papa John's Pizza franchise locations in Ohio.

9. Defendant DCT Ohio, LLC is a Texas limited liability company.

10. DCT Ohio, LLC is registered to do business in Ohio.

11. DCT Ohio, LLC's headquarters is in Texarkana, Texas.

12. DCT Ohio, LLC's principal place of business is in Ohio.

13. DCT Ohio, LLC is affiliated with, owned by, or otherwise associated with a group of entities generally using the name DCT. The group of entities own and operate Papa John's franchise locations in multiple states, including Texas and Ohio.

14. The DCT-related Defendants share common ownership with several individual owners.

15. DCT Ohio, LLC controls the terms and conditions of its Ohio pizza delivery drivers, including controlling pay practices, hiring, firing, and disciplining drivers.

16. DCT Ohio, LLC is an "employer" as that term is defined by the Fair Labor Standards Act.

17. At all relevant times, DCT Ohio, LLC has been an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

18. DCT Ohio, LLC's gross revenue exceeds $500,000 per year.

**Doe Corporation 1–10**

19. Upon information and belief, Defendants own, operate, and control other entities and/or limited liability companies that also comprise part of the Defendants' Papa John's Pizza stores, and qualify as "employers" of Plaintiff as that term is defined by the FLSA and Ohio wage law.

20. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**John Doe 1–10**

21. Upon information and belief, there are additional individuals who also qualify as "employers" of Plaintiff as that term is defined by the FLSA and Ohio wage law.

22. The identities of these additional Defendants should be revealed as discovery progresses and can be named at that time.

**Facts**

23. Plaintiff was a pizza delivery driver at the Papa John's Pizza franchise store located in Hilliard, Ohio.

24. Plaintiff worked at that store from approximately April 2, 2019, to October 24, 2022.

25. Until approximately October 2022, an entity named Johncol, Inc. owed and operated the store where Plaintiff worked.

26. On two occasions, Plaintiff filed demands for arbitration against Johncol, Inc. with the American Arbitration Association (AAA).

27. Each demand was premised on Plaintiff's allegations that Johncol, Inc. violated the Fair Labor Standards Act and Ohio's minimum wage provisions by failing to fully reimburse Plaintiff for the expenses related to his use of his personal car to make deliveries for Johncol, Inc.

28. The arbitration demands were filed on January 20, 2021, and again on July 14, 2022.

29. On or about October, 2022, Defendants assumed ownership of the Defendants' Papa John's Pizza stores after purchasing them from Johncol, Inc.

30. On October 23, 2022, a shift manager informed Plaintiff that the stores had been sold and that everyone working would be keeping their jobs.

31. On October 24, 2022, Plaintiff arrived at work. Three of Defendants' executives greeted Plaintiff.

32. The executives told Plaintiff that they no longer needed his services, he no longer worked there, and he should leave.

33. Upon information and belief, Defendants did not fire other delivery drivers at the Hilliard store on October 24, 2022.

34. Defendants fired Plaintiff because he had filed arbitrations against Defendants' predecessor for unpaid wages.

35. Upon information and belief, Defendants intended to largely continue Defendants' predecessor's pay practices by reimbursing delivery drivers for amounts lower than the applicable IRS standard business mileage rate. *See, e.g.*, *Waters v. Pizza to You*, 538 F. Supp. 3d 785, 800 (S.D. Ohio 2021) (holding that employers are required to reimburse minimum wage employee delivery drivers at

the IRS business mileage rate to prevent an FLSA-violating kick-back).

36. Defendants fired, discharged, retaliated, or otherwise discriminated against Plaintiff because he has asserted his FLSA and Ohio wage and hour rights by filing Arbitration Demands that alleged wage and hour violations.

37. DCT-related individuals and entities retaliated against at least one other individual who recently complained about similar wage and hour violations.

38. In that situation, DCT-related individuals and entities demoted a pizza delivery driver and required that the driver only work in the store, rather than take deliveries and receive tips.

39. Defendants and related individuals/entities appear to have a pattern and practice of retaliating against low-wage workers who complain about wage violations.

40. Such actions are intentional and appear calculated to scare workers out of asserting their wage and hour rights.

41. Defendants' intent appears to be to only employe delivery drivers who are willing to work for sub-minimum wage.

**Causes of Action**

**Count 1**
**Retaliation - Fair Labor Standards Act**

42. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

43. As a result of the foregoing, Defendants have discharged or discriminated against Plaintiff Richard Weirich in violation of 29 U.S.C. 215(a)(3).

44. Plaintiff is entitled to any legal or equitable relief appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3), including, without limitation, compensatory damages,

employment, reinstatement, payment of wages lost and an additional equal amount as liquidated damages, punitive damages, costs, and attorneys' fees.

**Count 2**
**Retaliation - Ohio Constitution, Article II, § 34a**

45. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

46. As a result of the foregoing, Defendants have discharged or discriminated against Plaintiff Richard Weirich in violation of Section 34a.

47. Plaintiff is entitled to legal or equitable relief appropriate to effectuate the purposes of Section 34a, including, without limitation, damages, employment, promotion, damages in an amount set by the Court sufficient to compensate the employee and deter future violations (but not less than one hundred fifty dollars for each day that the violation continued), costs, and attorneys' fees.

**WHEREFORE**, Plaintiff Richard Weirich prays for all of the following relief:

A. Payment of wages lost to Richard Weirich as a result of Defendants' retaliation.

B. Damages in an amount set by the Court sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued.

C. All damages and equitable relief sufficient to effectuate the FLSA's purposes, including without limitation compensatory, punitive, and liquidated damages. Equitable relief may include but is not limited to disgorgement of profits from Defendants' unlawful wage practices, notice of Defendants' unlawful practices and retaliation to other employees, and injunctive relief to correct their unlawful practices.

D. An award of prejudgment and post-judgment interest.

E. An award of costs and expenses of this action, together with reasonable attorneys' fees.

F. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ Andrew Biller
Andrew R. Biller (Bar No. 0081452)
Andrew P. Kimble (Bar No. 0093172)
Biller & Kimble, LLC
8044 Montgomery Road
Suite 515
Cincinnati, OH 45236
513-202-0710 (Phone)
614-340-4620 (Fax)
*abiller@billerkimble.com*
*akimble@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Andrew Biller
Andrew R. Biller